UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>      v.<br><br>NOMIJU CORP., a Washington Corporation; and MI YOUNG AHN, an individual,<br><br>    Defendants. | **OPINION**<br><br>Civ. No. 11-1711 (WHW) |

**Walls, Senior District Judge**

Plaintiff Days Inns Worldwide Inc. ("DIW") moves for default judgment against defendants Nomiju Corp. ("Nomiju") and Mi Young Ahn. Because the Court finds that default judgment is appropriate under Federal Rule of Civil Procedure 55(b)(2), DIW's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

DIW brings this suit based on a license agreement between DIW and Nomiju dated April 17, 2006 ("License Agreement") for the operation of a 51-room guest lodging facility in Everett, Washington. Compl. ¶ 8, Ex. A. Mi Young Ahn is a principal of Nomiju who provided DIW with a guaranty of Nomiju's obligations under the License Agreement. Id. ¶¶ 3, 22, Ex. C. Under Sections 3 and 5 of the License Agreement, Nomiju was obligated to operate and maintain the facility as a Days Inn for a 15-year term in compliance with standards set by DIW. Id. ¶¶ 9–10, Ex. A. During this period, Nomiju was required under Section 3.10 to obtain and maintain insurance coverage consistent with the standards set by DIW. Id. ¶ 11, Ex. A. Nomiju was also required to make periodic payments to DIW under Section 7 and Schedule C for certain recurring fees, including royalties, system assessments, taxes, and interest. Id. ¶ 12, Ex. A.

Nomiju and DIW executed an addendum for satellite connectivity equipment and services dated April 17, 2006. Id. ¶ 20, Ex. B.

Under Section 11 of the License Agreement, DIW reserved the right to terminate the license with notice to Nomiju for certain specified reasons. Id. ¶ 16, Ex. A. Grounds for termination included (a) Nomiju's failure to pay any amount due to DIW, (b) Nomiju's failure to remedy any other default of its obligations or warranties within 30 days after receipt of written notice from DIW, and/or (c) Nomiju's receipt of two or more notices of default in any one year period, whether or not the defaults were cured. Id. In the event of termination, Nomiju was required to pay liquidated damages to DIW pursuant to a formula set out in Section 12 of the License Agreement, but an amount no less than $2,000 per guest room. Id. ¶¶ 17–18, Ex. A. Under Section 17.4, Nomiju also agreed to pay all costs and expenses, including reasonable attorneys' fees, that DIW incurred to enforce or collect amounts owed under the License Agreement. Id. ¶ 19, Ex. A.

Beginning in February 2008, DIW alleges that Nomiju breached its obligations under the License Agreement by failing to provide proof that it had obtained the minimum insurance coverage required under Section 3.10. Id. ¶ 25. Pursuant to letters to Mi Young Ahn at Nomiju dated February 27, 2008, May 8, 2008, and March 20, 2009, DIW provided written notice that Nomiju was in breach of the License Agreement due to its failure to provide proof of minimum insurance, that it was required to cure the insurance default within 30 days in accordance with Section 11.1, and that the License Agreement might be subject to termination if the default was not cured. Id. ¶¶ 26–28, Ex. D–F. In a letter dated March 30, 2009, DIW notified Mi Young Ahn at Nomiju that it was formally terminating the License Agreement. Id. ¶ 29, Ex. G. This termination letter advised Nomiju of its obligation to pay DIW liquidated damages of

$104,500.00 for premature termination, as required under the License Agreement and the satellite connectivity addendum, as well as all outstanding recurring fees through the date that Nomiju completed certain de-identification procedures at the facility. Id.

On March 25, 2011, DIW filed the present suit alleging breach of contract and unjust enrichment. Id. ¶¶ 30–56. DIW asserts that personal service of process was ineffective because neither Nomiju nor Mi Young Ahn could be located despite diligent efforts and inquiry. Certification of Bryan P. Couch, Esq. in Supp. of Request for Entry of Default ("Couch Certification I") ¶¶ 4–5, Exs. A–B. DIW then served the Summons and Complaint on both defendants by certified and regular mail pursuant to New Jersey Court Rule 4:4-4(b)(1)(C) on June 21, 2011. Id. ¶ 6, Ex. C. After neither defendant appeared in this action or answered the Complaint, DIW requested an entry of default on July 19, 2011. Id. ¶ 9. The Clerk entered default against Nomiju and Mi Young Ahn on July 20, 2011. On October 13, 2011, DIW moved for default judgment against both defendants, jointly and severally, seeking damages in the amount of $160,604.24. This amount consists of (1) $2,828.16[1] for recurring fees owed under the License Agreement, (2) $104,500.00 for liquidated damages, (3) $47,459.13 for prejudgment interest on the liquidated damages, and (4) $5,816.95 for attorneys' fees and costs. Aff. of Suzanne Fenimore in Supp. of Mot. for Default J. ("Fenimore Aff.") ¶¶ 25, 32–34.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their

---

[1] DIW is inconsistent regarding the amount of damages asserted based on the defendants' alleged failure to pay recurring fees. See Fenimore Aff. Ex. I (requesting $2,828.16 in damages for recurring fees). But see Proposed Final Judgment by Default; Fenimore Aff. ¶ 25 (requesting $2,420.38 in damages for recurring fees). This Court will assume that DIW is requesting $2,828.16 because this amount is supported by the evidence submitted with the Motion for Default Judgment and is consistent with the total damages requested. Fenimore Aff. ¶ 35, Exs. H–I.

own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits." Hritz, 732 F.2d at 1181 (citations omitted). Cases should be "disposed of on the merits whenever practicable." Id. See also $55,518,05 in U.S. Currency, 728 F.2d at 194–95.

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and an "independent determination" regarding questions of law. Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). The Third Circuit has explained that three factors control whether a default judgment should ultimately be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

## DISCUSSION

### I.  Jurisdiction

Before entering a default judgment as to a party "that has not filed responsive pleadings, a district court has an affirmative duty to look into its jurisdiction both over the subject matter

4

and the parties." Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 05-cv-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008).

### A. Subject Matter Jurisdiction

Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. DIW is a Delaware corporation, with its principal place of business in New Jersey. Compl. ¶ 1. Defendant Nomiju is a corporation organized and existing under the laws of the state of Washington, with its principal place of business in Washington. Id. ¶ 2. Defendant Mi Young Ahn is a citizen of the state of Washington. Id. ¶ 3. The amount in controversy in the matter, exclusive of interests and costs, exceeds the sum of $75,000. See id. ¶¶ 40, 56.

### B. Personal Jurisdiction

This Court possesses personal jurisdiction over defendants Nomiju and Mi Young Ahn. Under Section 17.6.3 of the April 17, 2006 License Agreement, defendant Nomiju consented and waived objection "to the non-exclusive personal jurisdiction and venue in . . . the United States District Court for the District of New Jersey." Compl. ¶ 5, Ex. A. Mi Young Ahn, as guarantor, acknowledged that this provision also applied to the terms of the guaranty. Id. ¶ 6, Ex. C.

DIW also complied with the requirements for proper service of process necessary to establish personal jurisdiction over a defendant. Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). The Federal Rules of Civil Procedure allow service of process upon an individual by any method consistent with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New Jersey state civil practice rules provide that if personal service cannot be effectuated upon a defendant pursuant to New Jersey Court Rule 4:4-4(a), a plaintiff can obtain in personam jurisdiction over the defendant through constructive service under New Jersey Court

Rule 4:4-4(b)(1)(C) by mailing "a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." A plaintiff using constructive service pursuant to New Jersey Court Rule 4:4-4(b)(1) must submit an affidavit containing facts which illustrate that "despite diligent effort and inquiry personal service cannot be made."

Here, DIW satisfied the federal requirements for service of process under Federal Rule of Civil Procedure 4 through constructive service by mail under New Jersey Court Rule 4:4-4(b)(1)(C). As required, DIW submits affidavits of RECON Management Group asserting that personal service of process could not be effectuated because neither Nomiju nor Mi Young Ahn could be located despite diligent effort and inquiry detailed in the affidavits. Certification of Bryan P. Couch, Esq. in Supp. of Mot. for Default J. ("Couch Certification II") ¶¶ 5–6, Exs. A–B. In the certification accompanying its Request for Entry of Default, DIW's attorney asserts that DIW then served the defendants with a copy of the Summons and Complaint via certified and regular mail. Couch Certification I ¶ 6, Ex. C.

## II.     Liability

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Nautilus Ins. Co. v. Triple C. Const. Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011). DIW brings claims against Nomiju and Mi Young Ahn for breach of contract seeking liquidated damages and recurring fees owed under the License Agreement.[2] DIW also seeks to recover attorney fees and costs from both defendants.

---

[2] Although the Complaint also asserts a claim to recover the recurring fees under a theory of unjust enrichment, Compl. ¶¶ 50–52, the Court need not consider the sufficiency of this claim because it finds that DIW has established liability for these fees under its related breach of contract claim.

Pursuant to the choice of law clause in Section 17.6.1 of the License Agreement, New Jersey law governs the breach of contract claim. Compl. Ex. A. To establish liability for breach of contract, DIW bears the burden of showing that (1) the parties entered into a valid contract, (2) breach of the obligations under that contract, and (3) damages resulting from the breach. Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007). DIW adequately alleges that Nomiju breached the validly executed License Agreement by failing to provide proof that it had obtained the minimum insurance coverage or pay the recurring fees owed under this agreement. Compl. ¶¶ 35–38, 46–47, Ex. A; Fenimore Aff. ¶¶ 20–24. DIW further demonstrates that it was damaged by the early termination of the License Agreement, including the Satellite Connectivity Services Addendum, resulting from the breach of the insurance obligations and by Nomiju's failure to pay DIW the liquidated damages and recurring fees owed under the License Agreement. Compl. ¶¶ 39–40, 48; Fenimore Aff. ¶¶ 25–33. Mi Young Ahn's joint and several liability is established based on the terms of the separate Guaranty agreement under which Mi Young Ahn agreed to guaranty Nomiju's obligations under the License Agreement. Compl. ¶¶ 54–56, Ex. C.

### III. Propriety of Entry of Default Judgment

The Court has already established that DIW has properly asserted this Court's jurisdiction over the case and the parties, the Clerk of the Court has entered default against the defendants, and DIW has established legitimate causes of action for breach of contract. The Court must further determine whether default judgment is appropriate by evaluating the prejudice to the plaintiff if default is denied, whether the defendant appears to have a litigable defense, and whether the failure to respond was due to culpable conduct. Chamberlain, 210 F.3d at 164. These factors support the issuance of a default judgment against the defendants.

If a default judgment is not entered, plaintiff DIW will continue to be harmed "because [it] will not be able to seek damages for [its] injuries due to defendant's continuing refusal to" participate in this case. <u>Newman v. Axiom Worldwide</u>, No. 06-cv-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed on the recurring fees and the liquidated damages are subject to interest, causing additional harm to the plaintiff as recovery is delayed. <u>See</u> <u>Howard Johnson Int'l., Inc. v. Patel</u>, No. 11-cv-918, 2011 WL 2148575, at *4 (D.N.J. May 31, 2011).

Defendants Nomiju and Mi Young Ahn have not appeared or filed anything before this Court. The Court assumes that the defendants have no litigable defense available because they have not appeared to offer any defense and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense. <u>See</u> <u>Rose Containerline, Inc. v. Omega Shipping Co.</u>, No. 10-cv-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011). The Court also presumes that the defendants acted culpably because they have failed to answer, move, or otherwise respond. <u>Stonebridge Bank v. Nita Props., LLC</u>, No. 09-cv-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011). The Third Circuit has defined culpable conduct as conduct that is "taken willfully or in bad faith." <u>Chamberlain</u>, 210 F.3d at 164. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1183 (3d Cir. 1984). Defendants have disregarded all communications from DIW related to this lawsuit and the record does not suggest any good faith justification for the failure to respond. There is no evidence before the Court that the "failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and willful negligence." <u>Platypus Wear, Inc. v. Bad Boy Club, Inc.</u>, No. 08-cv-2662, 2009 WL 2147843, at *5 (D.N.J. July 15, 2009).

### IV.     Damages

DIW now requests default judgment awarding damages in the amount $160,604.24. This amount consists of (1) $2,828.16 for recurring fees owed under the License Agreement, (2) $104,500.00 for liquidated damages, (3) $47,459.13 for prejudgment interest on the liquidated damages, and (4) $5,816.95 for attorneys' fees and costs. Fenimore Aff. ¶¶ 25, 32–34.

The only allegations in a plaintiff's complaint not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Under Federal Rule of Civil Procedure 55(b)(2), a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." If the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); Comdyne I, 908 F.2d at 1149.

Here, DIW's damages asserted under the breach of contract claims for recurring fees and liquidated damages do not require further inquiry and will be awarded by the Court. Reasonable liquidated damages clauses are enforceable under New Jersey law. MetLife Capital Financial Corp. v. Washington Ave. Associates L.P., 732 A.2d 493, 495 (N.J. 1999).  The liquidated damages are for an agreed upon amount and are reasonable under the circumstances. Under Section 12.1 of the License Agreement, DIW has established that the defendants are liable for liquidated damages in the amount of $102,000.00, calculated on the basis of $2,000 for each of the 51 guest rooms in the facility. Fenimore Aff. ¶¶ 26–30, Ex. A. Under Section 13(c) of the Satellite Connectivity Services Addendum, DIW has established further liquated damages of $2,500 for early termination. Id. ¶ 31, Ex. B. DIW has also established that damages include prejudgment interest on the total amount of the liquidated damages in the amount of 1.5% per

month from April 30, 2009, which is 30 days following the date of termination. Id. ¶ 33, Exs. A–B. The recurring fees due can also be computed by formulas specified under the License Agreement. See Ramada Worldwide Inc. v. ERS Investments Inc., No. 07-cv-1095, 2008 WL 163640, at *6 (D.N.J. Jan. 16, 2008). The itemized statement submitted by DWI supports its claim for recurring fees of $2,828.16. Fenimore Aff. ¶ 25, Ex. H.

DIW also sufficiently establishes the costs and attorney's fees. Under Section 17.4 of the License Agreement, Nomiju agreed to pay all costs and expenses, including reasonable attorneys' fees, that DIW incurred to enforce or collect amounts owed under the agreement. Id. ¶ 34, Ex. A. Attorneys' fees clauses are enforceable under New Jersey law. See North Bergen Rex Transport, Inc. v. Trailer Leasing Co., 730 A.2d 843, 848 (N.J. 1999). Federal Rule of Civil Procedure 54 further provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). DIW's request for attorneys' fees and costs will be granted based on the supporting documentation submitted. Couch Certification II ¶¶ 9–11, Ex. D.

## CONCLUSION

Because the Court finds that default judgment is appropriate in this matter and DIW has adequately established a claim for liability and the amount of damages, DIW's motion for default judgment as to defendants Nomiju and Mi Young Ahn is granted.

March 19, 2012

                                                              s/ William H. Walls
                                                          United States Senior District Judge